DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court following our January 26, 2005 decision granting appellant Jeannett S. Horn's application for reopening pursuant to App. R. 26(B) based upon a claim of ineffective assistance of appellate counsel on direct appeal. For the reasons that follow, this court finds that appellant did not receive ineffective assistance of appellate counsel and affirms the judgment of the trial court.
 {¶ 2} Appellant sets for the following assignments of error:
 {¶ 3} "I. THE TRIAL COURT ERRED IN NOT PERMITTING DEFENDANT TO DISCHARGE HER TRIAL ATTORNEY BEFORE HER SENTENCING HEARING.
 {¶ 4} "II. THE TRIAL COURT ERRED WHEN IT CONSIDERED THE DEFENDANT'S USE OF HER FIFTH AMENDMENT RIGHTS AGAINST HER IN SENTENCING.
 {¶ 5} "III. THE DETERMINATION OF MAJOR DRUG OFFENDER SPECIFICATION BY THE TRIAL JUDGE IS AN IMPROPER URSURPATION OF THE JURY'S FUNCTION AS FINDER OF FACT IN A CRIMINAL CASE.
 {¶ 6} "IV. THE TRIAL COURT IMPROPERLY WITHHELD PORTIONS OF THE PRE-SENTENCE INVESTIGATION REPORT FROM DEFENDANT AND DEFENDANT'S COUNSEL.
 {¶ 7} "V. THE TRIAL COURT ERRED IN IMPANELING A JURY WHICH WAS POTENTIALLY BIASED.
 {¶ 8} "VI. THE INDICTMENT IN THIS CASE IS DEFICIENT."
 {¶ 9} The facts giving rise to this appeal are as follows. On August 6, 2002, appellant was indicted on one count of drug possession, a violation of R.C. 2925.11(A), and one count of conspiracy to possess drugs, a violation of R.C. 2923.01(A)(2). A jury trial commenced on March 25, 2003. Before the trial ended, the state moved for leave to dismiss the conspiracy charge for evidentiary reasons. The court granted the state's motion. On March 28, 2003, the jury found appellant guilty of drug possession with the specification that the amount of cocaine was more than 100 grams. She was sentenced to ten years in prison.
 {¶ 10} In her first assignment of error, appellant contends that the court erred in not allowing her to discharge her court appointed attorney prior to sentencing.
 {¶ 11} "An indigent defendant has a right to competent counsel, not a right to counsel of his own choosing." State v. Blankenship (1995),102 Ohio App.3d 534, 558, citing Thurston v. Maxwell (1965),3 Ohio St.2d 92, 93. There is no constitutional right to a "meaningful attorney-client relationship." Morris v. Slappy (1983), 461 U.S. 1, 13-14,75 L.Ed.2d 610, 103 S.Ct. 1610. "Rather, an indigent defendant is entitled to the appointment of substitute counsel only upon a showing of good cause, such as conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust result." Blankenship, supra at 558.
 {¶ 12} To discharge a court-appointed attorney, the defendant must demonstrate to the court justifiable cause for both the discharge of the appointed counsel and the request for appointment of new counsel. SeeState v. Edsall (1996), 113 Ohio App.3d 337, 339. The existence of "hostility and tension" or "personal differences" which do not rise to the level of interfering with the preparation or presentation of a defense are not sufficient to justify discharging court-appointed counsel. See State v. Henness (1997), 79 Ohio St.3d 53, 65-66. A trial court's decision regarding a request for new counsel is governed by an abuse of discretion standard. State v. McNeill (1998), 83 Ohio St.3d 438,452. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 13} On the day of appellant's sentencing, the trial judge acknowledged that he had received a letter from appellant asking for a new attorney. When asked about her request, appellant merely stated "[I] ask for an appealable error, somebody who can help me."
 {¶ 14} Nothing else in the record before us suggests that prior to sentencing, appellant and her counsel suffered a complete breakdown in communications so as to prevent the preparation or presentation of a defense. Moreover, we note that appellant was appointed different counsel on appeal. Accordingly, we cannot say that the trial court abused its discretion in denying appellant's request for new counsel on the day of sentencing. Appellant's first assignment of error is found not well-taken.
 {¶ 15} In her second assignment of error, appellant contends that the trial judge erred, at sentencing, when he mentioned the fact that appellant had earlier invoked her Fifth Amendment right not to testify in the trial of Michael Lather. Lather had been named as appellant's co-conspirator in Count 2 of her indictment, the count that was ultimately dismissed.
 {¶ 16} Before addressing the merits of appellant's second assignment of error, it will be helpful to review the evidence presented at appellant's trial. Regina Lee testified that in 2001, she lived at the Lakeview Estates apartment complex in Port Clinton, Ohio. Appellant was one of her neighbors. Lee testified that one night she went over to appellant's apartment to look at some clothing when appellant showed her a box full of crack cocaine. The box was labeled "Black and Decker." Appellant told Lee that the cocaine belonged to Michael Lather. The next day, the police were called to the apartment complex to investigate a gun complaint. Lee testified that while the police where there, Lather brought the "Black and Decker" box into Lee's apartment to hide it from the police. Lee, not wishing to be arrested for possession, contacted the Port Clinton Police Department to inform them of the large quantity of cocaine in her apartment that did not belong to her.
 {¶ 17} Port Clinton Detective Michael Toney testified that based on their interview with Lee, they brought appellant in for questioning. During a taped interview, appellant explained that she was with Lather when he received the "Black and Decker" box containing crack cocaine. On August 20, 2001, she was surprised to find it in her apartment. She admitted that after finding it, however, she took it to Sandusky, Ohio to find out how much money she could get for the cocaine. Lather had been arrested that weekend in Fremont, Ohio, and appellant hoped she could get enough money to bail him out of jail. Instead, she decided not to sell it and brought it back to her apartment in Port Clinton where, days later, it was taken by Lather to Lee's apartment.
 {¶ 18} At her sentencing hearing, the judge stated in pertinent part:
 {¶ 19} "There are always choice [sic] in life and choices have consequences, and there are about five or six choices here that you had available to you and at every juncture, you made the wrong choice. First of all, your choice to be with Mr. Lather. Bad choice. And you are here today because of it. Secondly, once you found that crack cocaine, you retained it. You trucked it around the county side. You got it appraised. You showed it to your neighbors. You should have turned it in. Bad choice. Next, you gave a statement to the police and were prepared to testify at trial, and then you took the Fifth Amendment in Mr. Lather's trial. Bad choice."
 {¶ 20} After a thorough review of the record we must conclude that any error in the trial judge's statement regarding appellant's Fifth
Amendment rights was harmless given the overwhelming evidence of her guilt, most notably, her confession. Appellant's second assignment of error is found not well-taken.
 {¶ 21} In her third assignment of error, appellant contends that the trial judge erred in enhancing appellant's penalty by finding her to be a major drug offender pursuant to R.C. 2941.1410. Appellant's argument is based on the decision of the United States Supreme Court in Blakely v.Washington (2004), 542 U.S. 296, 159 L.Ed.2d 403, 124 S.Ct. 2531. This court has held recently that the Blakely protections of a defendant's right to trial by jury are not applicable under Ohio's sentencing scheme. See State v. Curlis, 6th Dist. No. WD-04-032, 2005-Ohio-1217. Appellant's third assignment of error is found not well-taken.
 {¶ 22} In her fourth assignment of error, appellant contends that the court erred in denying her access to the sentencing recommendation portion of her presentence investigation report.
 {¶ 23} Pursuant to R.C. 2951.03(B)(1), (B)(3), (C), a defendant is entitled to see the factual parts of his or her presentence report. The defendant's access is limited only in the areas of sentencing recommendations, diagnostic opinions if necessary to preserve rehabilitation efforts, confidential source information, and any other information which would put someone's life at risk. "The court's need for such information to formulate an appropriate sentence and the need to protect certain sources of information outweigh any burden non-disclosure would have on the defense." State v. Gonzales (June 15, 2001), 6th Dist. No. WD-00-077.
 {¶ 24} In this case, appellant was granted access to the factual portion of her pre-sentence report and her counsel pointed out several errors at the sentencing hearing. Specifically, the report listed the wrong name of appellant's mother's husband, the report erroneously stated that a search warrant had been executed at appellant's apartment, the report incorrectly stated that appellant had been evicted, the report listed the wrong residential city for the father of appellant's child, and the report named the wrong nursing home as appellant's last place of employment. Appellant argues that because of so many factual mistakes in the report, the recommendation portion must be tainted. Thus, in this case, fundamental fairness dictates that she have access to the recommendations.
 {¶ 25} We disagree. Even if viewed cumulatively, the above list of factual mistakes is inconsequential. We see no compelling reason for the court to disregard the R.C. 2951.03 prohibition against allowing a defendant or counsel from viewing any recommendation as to sentence in a presentence report. Appellant's fourth assignment of error is found not well-taken.
 {¶ 26} In her fifth assignment of error, appellant alleges that she was denied a fair and impartial jury venire. Appellant contends that because the jury venire and panel contained no African-American jurors, she was denied her Sixth Amendment right to have a jury comprised of a fair cross-section of the community.
 {¶ 27} In State v. Fulton (1991), 57 Ohio St.3d 120, paragraph two of the syllabus, the Supreme Court of Ohio held that:
 {¶ 28} "In order to establish a violation of the fair representative cross-section of the community requirement for a petit jury array under the Sixth and Fourteenth Amendments to the United States Constitution, a defendant must prove: (1) that the group alleged to be excluded is a `distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that the representation is due to systematic exclusion of the group in the jury-selection process."
 {¶ 29} In support of her assignment of error, appellant has submitted a copy of the U.S. Census Bureau's Dicenial Census information for Ottawa County showing that 94.6 percent of the population is white and argues that this means that one out of every twenty prospective jurors should be a minority member. We note that this document was not before the trial court. This court will not consider evidence that was not before the trial court. State v. Ishmail (1978), 54 Ohio St.2d 402.
 {¶ 30} Appellant has presented no evidence to show that the representation of African-Americans in jury venires is unfair and unreasonable in relation to the number of such persons in Ottawa County or that the Ottawa County Clerk of Courts systematically excludes African-Americans from the court's jury pools . Appellant's fifth assignment of error is found not well-taken.
 {¶ 31} In her sixth and final assignment of error, appellant contends that the indictment in her case was deficient because it failed to explicitly use the term "major drug offender" in the charge, yet, appellant was sentenced as a major drug offender. Appellant cites R.C. 2941.1410 (A) which states:
 {¶ 32} "Except as provided in sections 2925.03 and 2925.11 of the Revised Code, the determination by a court that an offender is a major drug offender is precluded unless the indictment, count in the indictment, or information charging the offender specifies that the offender is a major drug offender. The specification shall be stated at the end of the body of the indictment, count, or information, and shall be stated in substantially the following form:
 {¶ 33} "SPECIFICATION (or, SPECIFICATION TO THE FIRST COUNT). The Grand Jurors (or insert the person's or prosecuting attorney's name when appropriate) further find and specify that (set forth that the offender is a major drug offender)."
 {¶ 34} "R.C. 2925.11(C)(4)(f) provides:
 {¶ 35} "If the amount of the drug involved equals or exceeds one thousand grams of cocaine that is not crack cocaine or equals or exceeds one hundred grams of crack cocaine, possession of cocaine is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree and may impose an additional mandatory prison term prescribed for a major drug offender under division (D) (3) (b) of section 2929.14 of the Revised Code."
 {¶ 36} The indictment in this case cited R.C. 2925.11 and alleged that appellant possessed crack cocaine "in an amount exceeding one hundred grams." Thus, appellant was properly charged as a major drug offender pursuant to R.C. 2925.11. Moreover, we note that the statute appellant cites, R.C. 2941.1410 (A), specifically excludes charges pursuant to R.C. 2925. Appellant's sixth assignment of error is found not well-taken.
 {¶ 37} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed and appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Parish, J., concur.