DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Kevin Mitchell, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} In January 2005, Appellant was indicted on numerous drug related charges including trafficking cocaine in violation of R.C. 2925.03(A)(2), a felony of the first degree with a major drug offender specification pursuant to R.C. 2941.1410; possession of cocaine in violation of R.C. 2925.11(A), a felony of the first degree with a major drug offender specification pursuant to R.C. 2941.1410; trafficking marijuana, in violation of R.C. 2925.03(A)(2), a felony of the third degree; trafficking marijuana, in violation of R.C. 2925.03(A)(2), a felony of the fifth degree; possession of marijuana in violation of R.C.2925.11(A), a felony of the third degree; and possession of marijuana in violation of R.C. 2925.11(A), a felony of the fifth degree. Appellant was also charged with having a weapon while under disability in violation of R.C. 2923.13(A)(2)/(3), a felony of the third degree; tampering with evidence in violation of R.C.2921.12(A)(1), a felony of the third degree; reckless operation in violation of R.C. 4511.20, a minor misdemeanor; and failure to control in violation of R.C. 4511.202, a minor misdemeanor. In a supplemental indictment, Appellant was charged with money laundering in violation of R.C. 1315.53, a felony of the fourth degree.
 {¶ 3} Appellant pled not guilty to these charges. However, Appellant withdrew his prior plea on June 6, 2005 and, pursuant to a plea agreement with the State, pled guilty to one count of trafficking in cocaine, a felony of the first degree and to the major drug offender and criminal forfeiture specifications to this cocaine charge; one count of trafficking in marijuana, a felony of the third degree; and one count of having a weapon while under disability, a felony of the third degree. Appellant also signed a written plea agreement in which he waived his right to appeal any issues that could have been raised had he gone to trial and been convicted. Appellant filed this plea agreement on June 9, 2005.
 {¶ 4} On July 1, 2005, Appellant filed a motion to declare R.C. 2929.14(D)(3)(b) and 2929.12 unconstitutional, claiming that the additional ten-year year sentence pursuant to these statutes violated his Sixth and Fourteenth Amendment rights as provided inBlakely v. Washington (2004), 542 U.S. 296 and Apprendi v. NewJersey (2000), 530 U.S. 466. The trial court denied this motion on July 28, 2005.
 {¶ 5} On July 6, 2005, Appellant was sentenced to a mandatory term of ten years incarceration for the trafficking in cocaine charge and, because the judge found additional factors pursuant to R.C. 2929.14(D)(3) and R.C. 2929.12, Appellant was also sentenced to ten years incarceration for the major drug offender specification. The trial court also sentenced Appellant to five years incarceration on each of the two other convictions to which he pled guilty. The court ordered that Appellant serve these sentences concurrently with his other sentence for a total of twenty years incarceration.
 {¶ 6} Appellant timely appealed the imposition of the additional ten-year sentence as violative of his rights under the Constitution, raising two assignments of error for our review. Because Appellant's assignments of error are interrelated, we will address them together.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO A TRIAL BY JURY AND RIGHT TO HAVE EACH ELEMENT OF THE OFFENSE PROVED BEYOND A REASONABLE DOUBT AS GUARANTEED BY THE SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY EXCEEDING THE MAXIMUM SENTENCE PROVIDED UNDER R.C. § 2925.03(A)(2) AND R.C. § 2929.14(A)(1)."
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANT'S MOTION TO DECLARE R.C. § 2929.14(D)(3)(b) AND R.C. §2929.12 UNCONSTITUTIONAL, AS VIOLATIVE OF APPELLANT'S RIGHT TO TRIAL BY JURY UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."
 {¶ 7} Appellant argues that R.C. 2929.14(D)(3)(b) and R.C.2929.12 are unconstitutional, citing Blakely, 542 U.S. 296, andApprendi, 530 U.S. 466, because they enable a trial court to impose more than the statutory maximum sentence outlined in R.C.2925.03(A)(2) and R.C. 2929.14(A)(1) upon a finding of (1) a major drug offender specification and (2) additional factors under R.C. 2929.12. Appellant contends that his Sixth andFourteenth Amendment rights were violated because he has a constitutional right to have these additional sentencing factors determined by a jury. We disagree.
 {¶ 8} The State contends that Appellant waived his right to raise these constitutional issues on appeal by not challenging the constitutionality of these statutes until after his guilty plea. They further contend that, by signing an agreement not to appeal any issues that might have been raised had he proceeded to trial, Appellant is precluded from presenting these issues on appeal. However, this appeal is not based on errors that Appellant could have raised had he proceeded to trial, i.e. defects in the indictment or errors in the prosecution. Appellant could not have waived a challenge to his sentence, specifically the imposition of an additional ten years beyond the allowable amount under his guilty plea, because the sentence was imposed after he pled guilty and after he signed the agreement. We will therefore address Appellant's arguments as we find that he has preserved them for our review.
 {¶ 9} The Sixth District Court of Appeals recently considered a Blakely challenge to the major drug offender statute. SeeState v. Horn, 6th Dist. No. OT0-3-016, 2005-Ohio-5257, at ¶21. In Horn, the appellant contested the constitutionality of the court's enhancing her sentence by finding that she was a major drug offender. Id. The court held that Blakely is inapplicable to Ohio's sentencing scheme and declined to further consider the issue. Id. We are inclined to follow the Sixth District's disposition of this issue.
 {¶ 10} In addition, this Court has previously held thatBlakely is inapplicable to Ohio's sentencing scheme. State v.Rowles, 9th Dist. No. 22007, 2005-Ohio-14, at ¶ 19. We have also held that Apprendi does not bar an Ohio trial court judge from exercising his traditional sentencing discretion, in which the judge necessarily considers the facts of the underlying offense.State v. Jenkins, 9th Dist. No. 22008, 2005-Ohio-11, at ¶ 19. Accordingly, Appellant's assignments of error are overruled.
 III. {¶ 11} Appellant's two assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Whitmore, J., Concur.