DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Kevin Mitchell has appealed from his sentence in the Summit County Court of Common Pleas. This Court affirms.
 I {¶ 2} In January 2005, Appellant was indicted on numerous drug related charges. A detailed account of those charges was recited in Appellant's first appeal to this Court. See State v. Mitchell, 9th Dist. No. 22830,2005-Ohio-6915. In that matter, following a plea agreement, Appellant challenged the constitutionality of Ohio's sentencing statutes. This Court rejected that challenge. Id. at ¶ 7-10. However, Appellant appealed to the Ohio Supreme Court and was *Page 2 
ordered resentenced pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. See In re Ohio Criminal Sentencing Statutes Cases,109 Ohio St.3d 509, 2006-Ohio-2721. When he was resentenced, Appellant received a sentence that was identical to his original sentence. Appellant has again timely appealed his sentence, raising one assignment of error for review.
 II Assignment of Error "THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO A TRIAL BY JURY AND RIGHT TO HAVE EACH ELEMENT OF THE OFFENSE PROVED BEYOND A REASONABLE DOUBT AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY FINDING THE EXACT FACTS AND ASSIGNING THE EXACT SENTENCE PREVIOUSLY FOUND UNCONSTITUTIONAL."
 {¶ 3} In his sole assignment of error, Appellant has asserted that his sentence was unconstitutional. Specifically, Appellant has argued that the trial court engaged in unconstitutional fact finding in order to justify his sentence. We disagree.
 {¶ 4} On February 27, 2006, the Ohio Supreme Court decidedFoster and held that Ohio's sentencing structure was unconstitutional to the extent that it required judicial fact finding. Foster at paragraphs one through seven of the syllabus. In constructing a remedy, the Court excised the portions of the statute it found to offend theSixth Amendment and thereby granted full discretion to trial court judges to sentence defendants within the bounds prescribed by statute. See *Page 3 
Id.; State v. Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309, at ¶ 19. Specifically at issue herein, Foster excised the statute which required fact finding before imposing consecutive sentences and the statute which required fact finding before imposing an additional one to ten years for the major drug offender specification. Foster at paragraphs three through six of the syllabus.
 {¶ 5} In the instant matter, Appellant was ordered to be resentenced under the dictates set forth in Foster. Accordingly, the trial court herein had the full discretion to sentence him with the ranges prescribed by statute and the full discretion to run his sentences consecutively. The U.S. Supreme Court took specific note that the exercise of this discretion, when not in the form of mandatory fact-finding, does not violate the Constitution.
 "If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range. Indeed, everyone agrees that the constitutional issues presented by these cases would have been avoided entirely if Congress had omitted from the SRA the provisions that make the Guidelines binding on district judges; it is that circumstance that makes the Court's answer to the second question presented possible. For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." (Emphasis added.) U.S. v. Booker (2005), 543 U.S. 220, 233.
Accordingly, to the extent that the trial court may have relied upon certain facts which it found relevant, after Foster, Appellant had no right to a jury *Page 4 
determination of those facts. Appellant's sole assignment of error, therefore, lacks merit.
 III {¶ 6} Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 5 
BETH WHITMORE FOR THE COURT
MOORE, J.
DICKINSON, J.
 CONCUR *Page 1