[Cite as *State v. Hair*, 2024-Ohio-2051.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No.  L-23-1208

      Appellee

                                       Trial Court No.  CR0202002673

v.

Anne Hair                                           **DECISION AND JUDGMENT**

      Appellant                                     Decided:  May 28, 2024

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lorrie J. Rendle, Assistant Prosecuting Attorney, for appellee.

Henry Schaefer, for appellant.

* * * * *

**SULEK, J.**

{¶ 1} Appellant, Anne Hair, appeals the Lucas County Court of Common Pleas’ September 8, 2023 judgment entry resentencing her to 15 years to life of imprisonment following remand from this court.  Because the trial court did not abuse its discretion in selecting her appointed counsel for resentencing, the judgment is affirmed.

## I. Facts and Procedural Background

{¶ 2} On June 10, 2022, following a jury trial, Hair was sentenced to 15 years to life for murder, 6 to 9 years for felonious assault, 10 months for prohibition against companion animals, 6 to 9 years for aggravated arson, and 18 months for tampering with evidence. Hair was ordered to serve her sentences for murder and felonious assault concurrently. The court also ordered Hair to serve her sentences for aggravated arson and tampering with evidence concurrently with one another, but consecutive to the sentences imposed for murder and felonious assault. Finally, the court ordered Hair to serve the sentence for prohibition against companion animals consecutively to the other sentences, for an aggregate sentence of 29 years, 4 months, to life in prison.

{¶ 3} On appeal, this court found plain error in the trial court's failure to find that murder and felonious assault were allied offenses and the matter was remanded for a limited resentencing. *See State v. Hair*, 2023-Ohio-2422 (6th Dist.).

{¶ 4} At Hair's August 18, 2023 resentencing hearing, she expressed displeasure with her appointed trial counsel. Hair indicated that she wanted her appellate counsel to represent her at resentencing. The following exchange took place:

> THE DEFENDANT: I don't want him representing me.
>
> THE COURT: Who, Mr. Popil?
>
> THE DEFENDANT: No.
>
> THE COURT: Why?

2.

[THE DEFENDANT]: I don't feel like he was best out for my – so he just leave this redone and –

THE COURT: . . .  Could we go forward with Mr. Popil?

THE DEFENDANT: No.

THE COURT: You want Hank Schaefer to represent you?

THE DEFENDANT: Yes, sir.

. . .

THE COURT: . . . If you wanted Hank Schaefer for this resentencing, he can't represent you on appeal.

THE DEFENDANT: That's fine.

THE COURT: Okay, We –

. . .

THE COURT: So what are you saying?  You're saying it's fine for Mr. Popil to go forward today?

THE DEFENDANT: No.  I want Frank (sic.) Schaefer.

THE COURT: You want Hank Schaefer to represent you knowing that he probably can't represent you on appeal?

THE DEFENDANT: That's fine with me.

THE COURT: All right.  We will reschedule –

THE DEFENDANT: No, I go ahead.  I don't want to reschedule.  I go ahead.  Yes, go ahead.

3.

THE COURT: So, you're consenting for Mr. Popil to represent you today?

THE DEFENDANT: Yes. I don't want to reschedule. It's going to prolong it.

{¶ 5} The state then elected to proceed with sentencing on the murder count. After resentencing, Hair commenced this appeal.

## II. Assignment of Error

{¶ 6} Hair raises the following assignment of error:

I. The trial court erred when it proceeded to sentence after appellant had indicated a breakdown with counsel.

## III. Analysis

{¶ 7} In her sole assignment of error, Hair argues that the trial court erred by proceeding with resentencing after she expressed a "complete breakdown of the attorney-client relationship." She claims that her decision to proceed was made under duress.

{¶ 8} An appellate court reviews a trial's court's selection of appointed counsel to represent an indigent defendant for an abuse of discretion. *State v. Tingler*, 2019-Ohio-816, ¶ 14 (6th Dist.), citing *Thurston v. Maxwell*, 5 Ohio St.2d 92, 93 (1965). An abuse of discretion is conduct that is "unreasonable, arbitrary, or unconscionable." *State v. Beasley*, 2018-Ohio-16, ¶ 12, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

4.

**{¶ 9}** Although an indigent defendant has the right to competent counsel, the defendant does not have the right to appointed counsel of his or her own choosing. *State v. Horn*, 2005-Ohio-5257, ¶ 11 (6th Dist.), quoting *State v. Blankenship*, 102 Ohio App.3d 534, 558 (12th Dist. 1995)   Good cause must be shown to appoint substitute counsel for an indigent defendant. *Id.*   Good cause includes a conflict of interest or a complete breakdown in communication between the defendant and the attorney. *Id.*, citing *Blankenship* at 558.   Personal conflicts or disagreements that do not interfere with counsel's preparation of a defense do not demonstrate good cause. *State v. Leasure*, 2023-Ohio-2710, ¶ 30 (6th Dist.), citing *Tingler* at ¶ 15, quoting *State v. Nickelson*, 2007-Ohio-6367, ¶ 42 (6th Dist.).

**{¶ 10}** Reviewing the proceedings below, Hair requested new counsel after the resentencing proceeding had commenced.  Although her reason: "I don't feel like he was best out for my—so he just leave this redone and –" does not evidence a complete breakdown of the attorney-client relationship, the court was willing to postpone resentencing and appoint new counsel which Hair ultimately refused.  She told the court she did not want to reschedule and ultimately consented to trial counsel representing her.  This does not evidence "duress" as Hair suggests.

**{¶ 11}** Based on the foregoing, the trial court did not abuse its discretion by proceeding with the resentencing hearing.  Hair's assignment of error is not well-taken.

5.

## IV. Conclusion

{¶ 12} The September 8, 2023 judgment of the Lucas County Court of Common Pleas is affirmed.  Pursuant to App.R. 24, Hair is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.

_____
JUDGE

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.