OPINION
{¶ 1} Shawn G. Marcum, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court found him guilty, pursuant to a plea of guilty, of burglary, in violation of R.C. 2911.12, which is a second-degree felony; and theft, in violation of R.C. 2913.12, which is a fifth-degree felony.
 {¶ 2} On July 10, 2007, appellant broke a rear window at the residence of Kelli McCray and entered through a back door. Appellant and McCray had been involved in an "on-again-off-again" relationship and have a four-year-old child together. McCray was *Page 2 
home at the time and fled the residence. Witnesses observed appellant taking a videogame console and television from the residence. This incident resulted in a burglary charge. Later that day, appellant was arrested for breaking into an automobile and stealing a radio. This later incident resulted in a theft charge. Afterwards, appellant called McCray and told her where she could find the videogame console, and he threatened to kill her when he was released from jail. This incident resulted in a charge for intimidation of a crime victim or witness.
 {¶ 3} Appellant was indicted for burglary, a second-degree felony; intimidation of a crime victim or witness, a third-degree felony; and theft, a fourth-degree felony. On September 18, 2007, appellant pled guilty to burglary, as charged in the indictment, and a reduced charge of theft, a fifth-degree felony. On November 1, 2007, appellant was sentenced to terms of imprisonment of seven years on the burglary count and ten months on the theft count, the terms for which were to be served consecutively. After the sentencing hearing, appellant requested the court reconsider the sentence, claiming that, at the time of the incident, he was living with McCray at the residence into which he entered and that the stolen property belonged to him. Appellant appeals the judgment and sentence of the trial court, asserting the following assignment of error:
 The trial court erred in accepting Appellant's guilty plea in violation of Crim. R. 11 and due process guarantees under the state and federal Constitutions.
 {¶ 4} Appellant argues in his assignment of error that the trial court erred when it accepted his guilty plea in violation of Crim. R. 11 and due process. Appellant presents several arguments to support his claim that his guilty plea was not given knowingly, voluntarily, and intelligently. Appellant maintains that the trial court did not make a full *Page 3 
inquiry into appellant's understanding of the nature of the charges and possible defenses, his trial counsel did little to nothing to investigate his defenses and failed to request discovery, and appellant acknowledged the court's questions with only one word responses without indicating any meaningful comprehension of the rights involved.
 {¶ 5} A waiver of defendant's constitutional right to trial must be knowing, intelligent, and voluntary. State v. Engle (1996),74 Ohio St.3d 525, 527. Crim. R. 11(C) provides:
 Pleas of guilty and no contest in felony cases
 * * *
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
 {¶ 6} A trial court must strictly comply with Crim. R. 11 as it pertains to the waiver of federal constitutional rights. Boykin v.Alabama (1969), 395 U.S. 238, 243-244, 89 *Page 4 
S.Ct. 1709. These constitutional rights include the right to trial by jury, the right of confrontation, and the privilege against self-incrimination. Id. However, substantial compliance with Crim. R. 11(C) is sufficient when waiving non-constitutional rights. State v.Nero (1990), 56 Ohio St.3d 106, 108. The non-constitutional rights that a defendant must be informed of are the nature of the charges with an understanding of the law in relation to the facts; the maximum penalty; and that, after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence. "Substantial compliance" means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. Id.
 {¶ 7} In the present case, there is nothing to suggest that appellant did not understand the nature of the charges or that his plea was defective in any other manner. The 19-page transcript from the plea hearing indicates that appellant was fully informed of all of the pertinent information pursuant to Crim. R. 11. Initially, we note that, at the hearing, in the presence of appellant, the State of Ohio ("state"), plaintiff-appellee, summarized the facts, explicitly identifying the location and address of the burglary as the victim's home, as well as stating that it occurred at "her residence at 2800 Vanderburg." Thus, appellant was well aware that the residence at which he committed the burglary was presumed to be the victim's residence and not his own. At the hearing, appellant also acknowledged he signed his plea of guilty, he had "plenty" of time to discuss his plea of guilty with his lawyer, his lawyer was available to answer his questions about his rights and penalties, and he understood all of the material in the guilty plea form. The trial court also fully explained the nature of the charges. The court explained appellant was pleading guilty to burglary and theft, the terms of possible confinement for both crimes, the right to *Page 5 
subpoena witnesses, his rights of appeal, the terms of post-release control, the presumption of imprisonment for the burglary offense, and the possible fines. Appellant indicated that he understood the court's statements. The trial court also informed appellant that he had a right to trial by jury, he had the right to confront witnesses, that the state had the burden of proof, and he had the right against self-incrimination. Appellant's defense counsel also represented to the court that she believed appellant's plea was knowing, voluntary, and intelligent. Thereafter, the trial court determined the plea was knowing, voluntary, and intelligent.
 {¶ 8} Appellant argues that the fact he acknowledged the court's questions with only simple responses, such as "yes, your honor," and "no, your honor," failed to demonstrate he understood the nature of the charges with any depth. However, we cannot conclude that answering questions with simple "yes" and "no" responses is sufficient to invalidate a guilty plea. To be sure, it is not unusual for defendants to respond to a trial judge's questions during the plea discourse with a simple "yes," and "no," and we cannot assume that these defendants actually desired to say something else. State v. Davis, Franklin App. No. 07AP-356, 2008-Ohio-107, at ¶ 19 (noting the trial court's comment that hundreds of defendants have answered the court's questions at plea hearings with a simple "yes, sir" and "no, sir," and the court cannot assume that these defendants actually wanted to tell the court something else).
 {¶ 9} Many courts have held that a trial court is required to conduct a "meaningful colloquy" with a criminal defendant before accepting a plea. See, e.g., State v. McCullough, Fayette App. No. CA2001-10-015, 2002-Ohio-5453 (court of appeals permitted the defendant to withdraw his guilty plea because the trial court failed to enter *Page 6 
into a meaningful colloquy). Here, the dialogue between appellant and the trial court was meaningful. At the commencement of the dialogue, the trial court asked appellant his level of education, clearly intending to gauge appellant's ability to understand his plea and the following proceedings. As explained above, the trial court then asked appellant over two dozen questions aimed at assuring that appellant understood the nature of the charges, along with his other constitutional rights. This court has found substantially similar colloquies between trial courts and defendants meaningful and adequate to determine whether the defendants understood the nature of the charges and constitutional rights. See, e.g., State v. Darks, Franklin App. No. 05AP-982,2006-Ohio-3144; State v. Chapman, Franklin App. No. 02AP-666, 2003-Ohio-2415; and State v. Brooks, Franklin App. No. 02AP-44, 2002-Ohio-5794.
 {¶ 10} We also note that appellant signed a written plea agreement that explicitly stated he was entering his plea voluntarily. A written waiver is presumptively voluntary, knowing, and intelligent. State v.Fitzpatrick, 102 Ohio St.3d 321, 2004-Ohio-3167, at ¶ 37. The present record provides no reason to question whether appellant's written guilty plea was voluntary, knowing, and intelligent, and appellant fails to indicate any evidence that would rebut those presumptions.
 {¶ 11} Additionally, as a general rule, this court has determined that a guilty plea is made with an understanding of the nature of the charges when: (1) a defendant is addressed in court and informs the court that he understands what he is pleading guilty to; (2) his signed guilty plea states that he has reviewed the law and the facts with his counsel; and (3) counsel advises the court that he has reviewed the facts and the law with his client and that his client has read the plea form. SeeState v. Cantrell (Mar. 26, 2002), *Page 7 
Franklin App. No. 01AP-818, citing State v. Ellis (June 20, 1996), Franklin App. No. 95APA10-1399. In this case, appellant stated he understood he was pleading guilty to theft and burglary, he signed and understood the guilty plea forms, and his counsel reviewed the guilty plea form with him. Appellant's trial counsel represented to the court that she had plenty of time to investigate the case and she was satisfied professionally that appellant was making a knowing, intelligent, and voluntary change in his plea.
 {¶ 12} We also note that appellant asserts his trial counsel did little to investigate and prepare for trial and failed to conduct discovery. This allegation is apparently an attempt to demonstrate that appellant did not have all of the facts before him in order to make a voluntary, knowing, and intelligent waiver of his rights. However, any failure or ineffectiveness on behalf of his counsel is not subject to review in the present appeal, as this assertion must necessarily be supported by evidence outside the sentencing record and is not included as an assignment of error herein. Furthermore, this argument has no effect on whether the trial court complied with the requirements of Civ. R. 11, as there was no allegation made before the trial court at the sentencing hearing regarding any deficiencies of appellant's trial counsel for the trial court to consider. Notwithstanding, we would also note that appellant specifically indicated to the trial court that he had had "plenty" of time to discuss the case so that his counsel could answer his questions about his rights, his right to a trial, and the possible penalties. Thus, appellant admitted he had the opportunity to discuss his trial counsel's preparation and any discovery issues before the trial court accepted his plea. Therefore, this argument is without merit, insofar as it applies to the present appeal. *Page 8 
 {¶ 13} For these reasons, based upon the totality of the circumstances, we conclude that appellant entered his plea voluntarily and the trial court properly assured itself of such through a meaningful dialogue with appellant. The trial court's dialogue with appellant was thorough, and, by all indications, appellant, who was represented by counsel, understood the implications of his plea, the nature of the charges, and the rights he was waiving. The trial court clearly complied with the mandates of Crim. R. 11(C). Therefore, appellant's assignment of error is overruled.
 {¶ 14} Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 McGRATH, P.J., and BRYANT, J., concur. *Page 1