[Cite as *State v. Garner*, 2020-Ohio-5116.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

    Appellee

v.

Joshua Garner

    Appellant

Court of Appeals Nos. WD-20-037
WD-20-038

Trial Court Nos. 2018CR0283
2019CR0028

**DECISION AND JUDGMENT**

Decided: October 30, 2020

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**ZMUDA, P.J.**

## I. Introduction

{¶ 1} In this consolidated appeal, appellant, Joshua Garner, appeals the judgment of the Wood County Court of Common Pleas, revoking his community control in case Nos. 2018CR0283 and 2019CR0028 and imposing an aggregate prison sentence of

24 months after finding appellant guilty of one count of receiving stolen property in case No. 2018CR0283, and one count each of safecracking and breaking and entering in case No. 2019CR0028. Finding no error in the proceedings below, we affirm.

## A. Facts and Procedural Background

{¶ 2} On June 21, 2018, appellant was indicted in case No. 2018CR0283 on one count of receiving stolen property in violation of R.C. 2913.51(A) and (C), a felony of the fifth degree. This charge stemmed from appellant's sale of two stolen video game consoles and two stolen televisions.

{¶ 3} On July 6, 2018, appellant appeared before the trial court for arraignment, at which he entered a plea of not guilty. Following discovery, a change of plea hearing was held on November 2, 2018. At the hearing, the parties advised the trial court that the matter was resolved by means of a negotiated plea. Consistent with the plea agreement, appellant entered a plea of guilty to the offense contained in the indictment. In exchange for appellant's guilty plea, the state agreed to recommend community control at sentencing. Following a Crim.R. 11 colloquy, the trial court accepted appellant's plea, found him guilty, and continued the matter for sentencing.

{¶ 4} Appellant's sentencing hearing in case No. 2018CR0283 was held on January 11, 2019. At the hearing, the trial court heard statements from appellant, defense counsel, and the state, and ultimately imposed a five-year term of community control. Appellant was informed of the conditions of his community control and the potential 12-month prison sentence that he would be facing were he to violate those conditions.

2.

{¶ 5} On February 7, 2019, appellant was indicted in case No. 2019CR0028 on one count of safecracking in violation of R.C. 2911.31(A), a felony of the fourth degree, and one count of breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree. Appellant entered a plea of guilty to the aforementioned charges on March 1, 2019, and was sentenced one week later to five years of community control, along with reserved prison sentences of 18 months for safecracking and 12 months for breaking and entering. The court, in its entry, did not specify whether the reserved sentences would be imposed consecutively or concurrently to one another.

{¶ 6} On October 9, 2019, the state filed a petition for revocation of community control, alleging that appellant violated the terms of his community control in case Nos. 2018CR0283 and 2019CR0028 by failing to report to his probation officer on four dates. Additionally, on November 21, 2019, the state filed an addendum to its petition, in which it added that appellant violated the terms of his community control because he was charged with criminal damaging and criminal trespass in the Tiffin Fostoria Municipal Court on November 7, 2019.

{¶ 7} Appellant came before the trial court for a hearing on the state's petition on January 24, 2020. At the hearing, appellant stipulated to having violated the terms of his community control as set forth in the state's petition and its addendum. The court accepted appellant's stipulation, found that he violated the terms of his community control, and continued the matter for disposition.

3.

{¶ 8} While the matter was pending for disposition, on March 2, 2020, the state filed another addendum to its petition for revocation of community control, in which it informed that court that appellant was charged with one count of burglary in the Tiffin-Fostoria Municipal Court on February 13, 2020. A hearing on the state's second addendum was held on April 17, 2020. Appellant stipulated to the community control violation arising out of the criminal charge referenced in the state's second addendum. The court accepted appellant's stipulation, found him in violation of the terms of his community control in case Nos. 2018CR0283 and 2019CR0028, and proceeded to disposition at appellant's request.

{¶ 9} At the outset of the sentencing phase of the hearing, the trial court indicated its consideration of the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. The court then outlined the incidents that formed the basis for its revocation of appellant's community control, considered appellant's criminal record, and found that appellant was no longer an appropriate candidate for community control. Therefore, the trial court terminated the community control sanction imposed in case Nos. 2018CR0283 and 2019CR0028, and imposed the 12-month prison sentences it previously reserved when it accepted appellant's guilty pleas to the three charges at issue in those cases. The court ordered appellant to serve the two 12-month prison sentences in case No. 2019CR0028 concurrently to one another, but consecutively to the 12-month prison sentence imposed in case No. 2018CR0283, for an aggregate prison sentence of 24 months.

4.

{¶ 10} Before imposing the consecutive sentence, the trial court cited R.C. 2929.14(C)(4) and stated:

> [T]he Court will find that these are multiple offenses and that there is a necessity to impose consecutive sentences to protect the public from future crime and to punish the offender, that these sentences are not disproportionate to the seriousness of the offender's conduct. Further, that the offenses were done when the defendant was on community control and that there is a criminal history and a need to protect the public, that the offender's history demonstrates that consecutive sentences are necessary to protect the public from future crime of the offender noting that while he's been on community control he has committed other offenses of a theft nature.

These findings were further set forth in the trial court sentencing entries.

{¶ 11} Following the trial court's imposition of sentence, appellant filed his timely notices of appeal in case Nos. WD-20-037 and WD-20-038. On May 21, 2020, we issued an order consolidating these cases under case No. WD-20-037.

### B. Assignment of Error

{¶ 12} On appeal, appellant assigns the following error for our review:

> Appellant's sentence should be vacated due to the Trial Court's failure to comply with the principles and purposes of sentencing pursuant to R.C. 2929.11 and R.C. 2929.12.

5.

## II. Analysis

{¶ 13} In appellant's sole assignment of error, he argues that his sentence should be vacated because the trial court failed to properly consider the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12.

{¶ 14} Our review of felony sentences is governed by R.C. 2953.08(G)(2). Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a sentence only if the record demonstrates, clearly and convincingly, either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; or

> (b) That the sentence is otherwise contrary to law.

{¶ 15} Relevant to appellant's argument in this case, we have previously stated that a sentence is not clearly and convincingly contrary to law where the trial court has considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, properly applied postrelease control, and imposed a sentence within the statutory range. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15-16.

6.

{¶ 16} Appellant does not challenge the trial court's technical compliance with R.C. 2929.11 and 2929.12. Indeed, the trial court expressly indicated its consideration of these statutory sections prior to imposing its sentence at the April 17, 2020 revocation hearing, and reiterated its findings in its sentencing entry. Further, there is no dispute that the trial court's sentence falls within the statutory range for the applicable felony degrees at issue in this case under R.C. 2929.14(A).

{¶ 17} In its sentencing entries, the trial court took specific note of appellant's criminal history and lack of genuine remorse, and found that appellant exhibited a "pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse."

{¶ 18} Notwithstanding the foregoing, appellant argues that the trial court's concern with his drug addiction and struggles to make good decisions demonstrate that the sentence imposed does not achieve the purposes and principles of sentencing and establishes that the trial court did not consider all of the seriousness and recidivism factors. Appellant claims that he "came to the Trial Court with a plan to address [the] Court's concerns." Appellant insists that his remorse is evidenced by the fact that he is enrolled in mental health and drug treatment, and is also participating in narcotics anonymous. Consequently, appellant contends that the most appropriate, and least expensive, way to achieve the principles and purposes of sentencing would be to continue community control with orders to continue the foregoing treatment.

7.

{¶ 19} Under R.C. 2929.11(A), the purposes of felony sentencing are "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." To achieve these purposes, the sentencing court must consider "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A). The sentence imposed shall be reasonably calculated to achieve the overriding purposes, "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 20} As noted above, the trial court expressly indicated its consideration of the principles and purposes of sentencing under R.C. 2929.11, both at the revocation hearing as well as in its sentencing entry, and found appellant not amenable to community control based upon his criminal history, lack of genuine remorse, and unwillingness to address the substance abuse issues that were related to the underlying offenses and community control violations in case Nos. 2018CR0283 and 2019CR0028. The facts contained in the record support the court's R.C. 2929.11 and 2929.12 findings.

{¶ 21} Furthermore, we find that the trial court did not err in imposing consecutive sentences. Relevant to this issue, the Supreme Court of Ohio, in *State v. Gwynne*, 158

8.

Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, made it clear that appellate review of the propriety of an aggregate sentence comprised of individual sentences ordered to be served consecutively is limited to a determination of whether the trial court's findings under R.C. 2929.14(C)(4) were supported by the record.

{¶ 22} While imposing the consecutive sentences in this matter, and subsequently in its sentencing entries, the trial court found that consecutive sentences were necessary to protect the public from future crime and to punish appellant, were not disproportionate to the seriousness of appellant's conduct or the danger appellant poses to the public, were necessary in light of appellant's criminal history, and also noted that the offenses were committed while appellant was on community control. The validity of these findings is not in dispute, and our review of the record supports the findings.

{¶ 23} The trial court imposed a sentence as to each of appellant's offenses that falls within the statutory range applicable to those offenses, and indicated its consideration of R.C. 2929.11 and 2929.12 in imposing appellant's sentence. Further, the trial court made the findings necessary to impose consecutive sentences under R.C. 2929.14(C)(4), and those findings were supported by the record. Therefore, we find no error in the trial court's sentence.

{¶ 24} Accordingly, appellant's sole assignment of error is not well-taken.

## III.  Conclusion

**{¶ 25}** In light of the foregoing, the judgment of the Wood County Court of

Common Pleas is affirmed.  The costs of this appeal are assessed to appellant under

App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.          _____
                                                        JUDGE
Thomas J. Osowik, J.           

                                                  _____
Gene A. Zmuda, P.J.                                      JUDGE
CONCUR.

                                                  _____
                                                      JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.