**[Cite as *State v. Krueger*, 2020-Ohio-6779.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. S-20-016 |
| Appellee | Trial Court No. 19 CR 410 |
| v. | |
| Richard C. Krueger, Jr. | **DECISION AND JUDGMENT** |
| Appellant | Decided: December 18, 2020 |

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney,
and Alexis M. Hotz, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} Appellant, Richard C. Krueger, Jr., appeals the April 1, 2020 judgment of

the Sandusky County Court of Common Pleas sentencing him to six years in prison after

having pled guilty to a violation of R.C. 2925.02(A)(3), (C)(1)(a), corrupting another

with drugs, a felony of the second degree. This sentence was ordered to be served

consecutively to another case (No. 18 CR 785).  That case is not associated with this appeal.

{¶ 2} He presents three assignments of error to this court:

1.  The Trial Court committed reversible error by accepting the guilty plea of Richard C. Krueger, Jr. ("Appellant") which was not made knowingly, intelligently, and voluntarily.

2.  The Trial Court's sentence of Appellant violates R.C. 2929.14(C)(4) – and is thus contrary to law – insofar as the Trial Court did not make appropriate findings of fact for Appellant to be sentenced in a consecutive manner.

3.  The Trial Court's sentence of Appellant is excessive and contrary to Ohio law.

{¶ 3} In his first assignment, appellant argues that his plea was not intelligently, knowingly, and voluntarily made and should be vacated.  The basis of his argument is what occurred during the plea colloquy with the trial court.   Appellant claims that there was an ambiguous statement made by the court with respect to a possible mandatory sentence.  As a result, he was misled when he entered his plea.  Specifically, when reviewing the plea agreement with appellant, the trial court informed him that "paragraph 1 states that this Court could sentence you to a mandatory prison term of 2 to 8 years for a felony of the second degree."  Appellant places great emphasis on the court's use of the

2.

word "could" during the plea colloquy in support of his position that he was deceived into accepting the plea agreement.

{¶ 4} Nevertheless, the record does reflect the following exchange between the court and appellant while reviewing the plea agreement:

> THE COURT: All right. Paragraph 1 states that this Court could sentence you to a mandatory prison term of 2 to 8 years for a felony of the second degree. Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: "…. The Court will impose the following sentence - - by the way, this is a mandatory sentence on my review of the – and research of the statute."
>
> THE DEFENDANT: It is?
>
> MS. WELTY: Yeah.
>
> THEREUPON, the Defendant continued to confer with Ms. Welty.
>
> THE COURT: It is a six year mandatory prison sentence. The Court will also impose a $7,500 mandatory fine.

{¶ 5} Furthermore, the plea agreement that was being reviewed during the colloquy states "The Court will sentence me to a mandatory prison term of 2-8 years for each count of a second-degree felony."

3.

## Law and Analysis

{¶ 6} The trial court must strictly comply with Crim.R. 11(C)(2) regarding federal constitutional rights but need only substantially comply with the rule regarding nonconstitutional rights. *State v. Stewart*, 51 Ohio St.2d 86, 93, 364 N.E.2d 1163 (1977), *State v. Marcum*, 10th Dist. No. 07AP-905, 2008-Ohio-2292, ¶ 6; and *State v. Lamb*, 6th Dist. Lucas No. L-07-1181, 2008-Ohio-1569, ¶ 10. *State v. Abuhashish*, 6th Dist. Wood No. WD-07-48, 2008-Ohio-3849, ¶ 32.

{¶ 7} In the case before us, informing the defendant of a mandatory minimum penalty appellant faced because of the plea he would enter was a nonconstitutional right.

{¶ 8} Therefore, we must determine whether the trial court substantially complied with Crim.R. 11(C)(2)(a) when he informed appellant of the penalties that he faced because of his plea. To satisfy this burden, it must be apparent "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 9} Even if the trial court failed to meet this burden, however, this court will not overturn the sentence imposed unless appellant demonstrates that he was prejudiced by the court's failure to substantially comply with the rule. *State v. Griggs*, 103 Ohio St.3d 85, 814 N.E.2d 51, 2004-Ohio-4415, ¶ 12. Appellant must show that he would not have entered the plea if he had known the consequences. *Id.*

{¶ 10} Crim.R. 11(C)(2)(a) requires that a trial court inform the defendant of the maximum penalty, including a mandatory prison term. *State v. Sarkozy*, 117 Ohio St.3d

4.

86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22; *State v. Howard*, 2d Dist. No. 06-CA-29, 2008-Ohio-419, ¶ 26.

{¶ 11} However, even in cases where the court has mistakenly or inadvertently implied that a prison term might be imposed upon entry of the guilty plea, rather than informing the defendant directly that a mandatory prison term will be imposed, we find that substantial compliance with Crim.R. 11 may still be found.  The key is whether the defendant had actual notice of the maximum sentence involved.  *See State v. Reed*, 6th Dist. No. L-06-1130, 2007-Ohio-4087, ¶ 26 and *State v. Bach*, 6th Dist. No. L-04-1326, 2005-Ohio-4173, ¶ 14.  *Abuhashish*, 6th Dist. Wood No. WD-07-048, 2008-Ohio-3849, at ¶ 33-35.

{¶ 12} In the case before us, any misstatements by the trial court concerning what could or would have been a mandatory minimum period of incarceration were clarified when the court stated on the record "It is a six year mandatory prison sentence."  When he appeared puzzled and asked the court about this mandatory time, the record reflects that he consulted with his attorney before the plea colloquy resumed.

{¶ 13} It should be noted that the written plea agreement that was extensively reviewed and discussed during the colloquy between the court and appellant clearly references the mandatory nature of the sentence.

{¶ 14} Appellant clearly did understand that he faced a mandatory prison term of six years before or during the plea.  He consulted with counsel and the colloquy was

5.

interrupted when the court informed him. He could have objected to the plea at that time if he had been surprised by the mandatory six-year prison term.

{¶ 15} Furthermore, we find that appellant has failed to demonstrate that he was prejudiced by the trial court's failure to substantially comply with the rule. In fact, appellant has not presented any claim of prejudice in his appellate brief.

{¶ 16} We find appellant's first assignment of error not well-taken and it is denied.

{¶ 17} In appellant's second assignment of error, appellant claims that the trial court failed to make appropriate findings of fact for him to be sentenced in a consecutive manner pursuant to R.C. 2929.14(C)(4). Where the appellant challenges the trial court's imposition of consecutive sentences, we are bound to review the issue under R.C. 2953.08(G)(2)(a), and must affirm the trial court unless we clearly and convincingly find "[t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14." *State v. Taylor*, 6th Dist. Wood No. WD-19-009, 2020-Ohio-404, ¶ 14.

{¶ 18} R.C. 2929.14(C)(4) mandates that before a trial court can impose multiple prison terms in a consecutive manner, the court must find that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

6.

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 19} At sentencing, the court made the following statement concerning the first essential finding:

The court is cognizant of the overriding purposes of felony sentencing, including protection of the public for future crimes by the Defendant, and future crimes by others and punishment of the Defendant.

{¶ 20} Furthermore, the record establishes that appellant was convicted of corrupting another with drugs, a felony of the second degree. The drug involved fentanyl and ultimately resulted in the death of a young woman.

7.

{¶ 21} The court also considered appellant's history of criminal conduct. It stated:

> [T]he Court will find that the Defendant does have a history of criminal convictions and juvenile delinquency adjudications. The defendant has not responded favorably to the sanctions previously imposed in that drug abuse patterns are related to the offense and the offender has refused to comply with many opportunities he's provided.

{¶ 22} Thus, the record supports the necessary findings required by R.C. 2929.14(C)(4) and in this case, the trial court engaged in the correct analysis required. However, these findings were not incorporated into the April 1, 2020 judgment entry of sentencing. Applicable here, the Ohio Supreme Court has instructed,

> [T]he court should * * * incorporate its statutory findings into the sentencing entry. However, a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

{¶ 23} Thus, while we find that appellant's second assignment of error has merit, we cannot find by clear and convincing evidence that the record does not support the trial court's findings relative to its imposition of consecutive sentences. The assignment of error is well-taken in part. The error can be corrected with a nunc pro tunc sentencing

8.

entry that would incorporate the court's findings under R.C. 2929.14(C) that were made at the sentencing hearing on March 19, 2020.

{¶ 24} In his third assignment of error, appellant asserts that his sentence is excessive and contrary to law. He argues that the trial court should have considered lesser forms of punishment such as rehabilitation and substance abuse treatment. However, we have held that the Supreme Court of Ohio, in *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, made it clear that appellate review of the propriety of an aggregate sentence comprised of individual sentences ordered to be served consecutively is limited to a determination of whether the trial court's findings under R.C. 2929.14(C)(4) were supported by the record. *State v. Garner*, 6th Dist. Wood Nos. WD-20-037 and WD-20-038, 2020-Ohio-5116. Since we have found that these findings were supported by the record, we must find appellant's third assignment of error not well-taken and denied.

## Conclusion

{¶ 25} The judgment of the Sandusky County Court of Common Pleas is affirmed, but this case is remanded to effectuate a nunc pro tunc sentencing entry consistent with this decision. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24(A).

Judgment affirmed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.          _____
                                                             JUDGE

Thomas J. Osowik, J. _____

Gene A. Zmuda, P.J. _____      _____
CONCUR.                                                           JUDGE

                                                           _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.