[Cite as *State v. Gumm*, 2022-Ohio-2287.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                                  Court of Appeals No.  E-21-044

       Appellee                                            Trial Court No.  2020-CR-0106

v.

Leslie Gumm                                               **DECISION AND JUDGMENT**

       Appellant                                           Decided:  June 30, 2022

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Loretta Riddle, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Leslie Gumm, appeals from a judgment entered by the Erie

County common pleas court, sentencing him on two counts of burglary and five counts of

grand theft when property is a firearm or dangerous ordnance.  For the reasons that

follow, we reverse the judgment of the trial court.

**Statement of the Case and Facts**

{¶ 2} Appellant was indicted by an Erie County grand jury on May 21, 2020, on multiple counts, including:

Count 1: Burglary, in violation of R.C. 2911.12(A)(2) and (D), a second-degree felony, with a firearm specification;

Count 2: Burglary, in violation of R.C. 2911.12(A)(2) and (D), a second-degree felony, with a firearm specification;

Count 3: Burglary, in violation of R.C. 2911.12(A)(2) and (D), a second-degree felony, with a firearm specification;

Count 4: Failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B) and (C)(5)(a)(ii), a third-degree felony;

Count 5: Grand theft when the property is a firearm or dangerous ordnance, in violation of R.C. 2913.02(A)(1) and (B)(4), a third-degree felony;

Count 6: Grand theft when the property is a firearm or dangerous ordnance, in violation of R.C. 2913.02(A)(1) and (B)(4), a third-degree felony;

Count 7: Grand theft when the property is a firearm or dangerous ordnance, in violation of R.C. 2913.02(A)(1) and (B)(4), a third-degree felony;

2.

**Count 8**: Grand theft when the property is a firearm or dangerous ordnance, in violation of R.C. 2913.02(A)(1) and (B)(4), a third-degree felony;

**Count 9**: Grand theft when the property is a firearm or dangerous ordnance, in violation of R.C. 2913.02(A)(1) and (B)(4), a third-degree felony;

**Count 10**: Grand theft when the property is a firearm or dangerous ordnance, in violation of R.C. 2913.02(A)(1) and (B)(4), a third-degree felony;

**Count 11**: Grand theft, in violation of R.C. 2913.02(A)(1) and (B)(2), a fourth-degree felony;

**Count 12**: Theft, in violation of R.C. 2913.02(A)(1) and (B)(2), a fifth-degree felony;

**Count 13**: Petty theft, in violation of R.C. 2913.02(A)(1) and (B)(2), a first-degree misdemeanor;

**Count 14**: Improperly handling a firearm in a motor vehicle, in violation of R.C. 2923.16(B) and (I), a fourth-degree felony.

**Count 15**: Improperly handling a firearm in a motor vehicle, in violation of R.C. 2923.16(B) and (I), a fourth-degree felony.

**Count 16**: Improperly handling a firearm in a motor vehicle, in violation of R.C. 2923.16(B) and (I), a fourth-degree felony.

**Count 17**: Improperly handling a firearm in a motor vehicle, in violation of R.C. 2923.16(B) and (I), a fourth-degree felony.

**Count 18**: Improperly handling a firearm in a motor vehicle, in violation of R.C. 2923.16(B) and (I), a fourth-degree felony.

{¶ 3} A change of plea hearing was held on September 22, 2021. There, the prosecutor began by misstating that appellant would be entering pleas of guilty to "Count 1, one count of burglary in violation of 2911.12(A)(2) and (D), felony of the third degree; Count 2, another count of burglary under the same code section, likewise a felony of the third degree." In fact, appellant was to enter pleas of guilty to two counts of burglary in violation of R.C. 2911.12(A)(3), and not R.C. 2911.12 (A)(2) as was charged in the indictment. The state then accurately stated that it was dismissing Count 3 (for burglary, in violation of R.C. 2911.12(A)(2) and (D), a second-degree felony, with a firearm specification).

{¶ 4} Next, the prosecutor misstated that appellant would be entering a plea of "guilty to Count 4, grand theft when the property is a firearm or a dangerous ordnance in violation of 2913.02(A)(1) and (B)(4), felony of the third degree." In fact, appellant was charged in Count 4 with failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B) and (C)(5)(a)(ii), a third-degree felony.

{¶ 5} Thereafter, the state accurately provided that appellant would plead guilty to Counts 6, 7, 8, and 9, all of which charged appellant with grand theft when the property is a firearm or dangerous ordnance. Next, however, the state inaccurately stated that

4.

appellant would plead guilty to "Count 10, grand theft in violation of 2913.02(A)(1) and (B)(2), that is a felony of the fourth degree." Here, the state was apparently referring to Count 11, rather than Count 10, as Count 10 contained a charge for grand theft when the property is a firearm or dangerous ordnance. Similarly, the state inaccurately provided that appellant would plead guilty to "Count 11 * * * one count of theft in violation of 2913.02(A)(1) and (B)(2), felony of the fifth degree." Here, the state was apparently referring to Count 12, rather than Count 11, as Count 11 contained the charge for grand theft in violation of R.C. 2913.02(A)(1) and (B)(2), a felony of the fourth degree.

{¶ 6} Finally, the state inaccurately stated that it was dismissing "Count 12, which is one count of petty theft." In fact, it was Count 13 that charged appellant with petty theft. Count 12 charged appellant with fifth-degree felony theft.

{¶ 7} Next came the following confusing exchange -- replete with factual inaccuracies concerning the nature and number of the counts being discussed, together with some clear misunderstanding about applicable penalties -- among the prosecutor, the court, and defense counsel:

> [The prosecutor]: I believe the Defendant has been made aware of the possible penalties associated with pleas to a felony of the third degree would include a period of incarceration of 9, 12, 18, 24, 30, or 36 months, and a fine of up to $10,000 on each of the counts, which are Counts 4, 5, 6, 7, 8, 9. As to a fourth degree felony, I believe he understands the possible penalties would be a period of incarceration – oh, wait a minute, I'm sorry.

5.

On those other Counts, 1 and 2, are felonies of the third degree, which by the plea sheet – but I'm not sure that's correct.

The Court: Yes, I think – so 10 – on the front page of the plea sheet it says felony of the fourth – where it says felony of the fourth degree it says Counts 10 and 11, 11 should be an F5.

[The prosecutor]: Right.

The Court: So underneath there – and I'm going to cross that out on the original and initial it and place the number 11 under – by the felony of the fifth degree.

* * *

[The prosecutor]: And the burglaries, the F3s I'm not sure why they'd have a 60 month sentence on any of them.

[Defense counsel]: One to five years.

[The prosecutor]: They were?

[Defense counsel]: It'd be the one to five not the 9, 36. That's my understanding of those.

The Court: They're high tier threes.

[The prosecutor]: And those counts are – okay. So on Counts 1 and 2 they are the higher tier felonies of the third degree that would carry possible penalties of 12, 18, 24, 30, 36, 42, 54, 60 months. Count 10 – the four –penalties for a fourth degree felony would include 6 months to 18

months in prison in 30-day increments.  And then, Count 11, which is a felony of the fifth degree, would have a possible penalty of 6, 12, 18 – 6, 7, 8, 9, 10, 11, or 12 months in prison, and a fine of up to $2,500.

I believe the total possible penalty would be 30.5 years; the total possible fines would be $87,500, none of which are mandatory.

\* \* \*

{¶ 8} In a similar way, the trial court's colloquy with appellant contained numerous errors concerning the charges to which appellant was pleading and their corresponding count numbers:

The Court: All right.  You're pleading to two high tier felonies of the third degree in Counts 1 and 2.  Those carry with it potential sentences of anywhere from 12, 18, 24, 30, 36, 42, 54, or 60 months, and a fine of up to $10,000 on each of those counts; do you understand that?

[Appellant]: Yes, Your Honor.

The Court: All right.  So then on Counts 4, 5, 6, 7, 8, 9, those are low tier felonies of the third degree, they all carry with it potential sentences of anywhere from 9, 12, 18, 24, 30, or 36 months, and a fine of up to $10,000; do you understand that?

[Appellant]: Yes.

The Court: All right.  So then you're also pleading to a felony of the fourth degree in Count 10, that carries with it a potential sentence of

7.

anywhere from 6 to 18 months, and a fine of up to $5,000; do you understand that?

[Appellant]: Yes, Your Honor.

The Court: And on Count 11, that's a felony of the fifth degree, carries with it a potential sentence of anywhere from 6 to 12 months, and a fine of up to $2,500; do you understand that?

[Appellant]: Yes.

The Court: So the maximum time the Court could sentence you to would be 30.5 years, which is 366 months, and a maximum fine of up to $87,500; do you understand that?

[Appellant]: Yes.

* * *

The Court:  All right.  Then Mr. Gumm, how do you plead to the charge contained in Count 1, as amended is burglary, a felony of the third degree?

[Appellant]: Guilty.

The Court: And as to Count 2, the charge as amended also is burglary, a felony of the third degree?

[Appellant]: Guilty.

The Court: And as to Count 4, the charge is grand theft when the property is a firearm or dangerous ordnance, a felony of the third degree?

[Appellant]: Guilty.

The Court: And as to Count 5, the charge is grand theft when the property is a firearm or dangerous ordnance, a felony of the third degree?

[Appellant]: Guilty.

The Court: And as to Count 6, the charge is grand theft when the property is a firearm or dangerous ordnance, a felony of the third degree?

[Appellant]: Guilty.

The Court: And as to Count 7, the charge is grand theft when the property is a firearm or dangerous ordnance –

[Appellant]: Guilty.

The Court: -- a felony of the third degree?  I'm sorry.

[Appellant]: Guilty, Your Honor.

The Court: And as to Count 8, grand theft when the property is a firearm or dangerous ordnance, a felony of the third degree?

[Appellant]: Guilty.

The Court: And as to Count 9, the charge is grand theft when the property is a firearm or dangerous ordnance, a felony of the third degree?

[Appellant]: Guilty.

The Court: And as to Count 10, the charge is grand theft, a felony of the fourth degree?

[Appellant]: Guilty.

The Court: And as to Count 11, the charge is theft, a felony of the fifth degree?

[Appellant]: Guilty, Your Honor.

The Court: At this time, the Court finds that the defendant was advised of his Constitutional rights, that he made a knowing, intelligent, and voluntary waiver of those rights. The plea – the pleas of guilty are accepted and ordered filed, and a finding of guilty is made as to Counts 1, 2, 4, 5, 6, 7, 8, 9, 10, and 11. The remaining counts the Court would enter a Nolle Prosequi, and schedule the matter for sentencing * * *.

{¶ 9} Thus, appellant pleaded guilty to ten charges: (1) two amended counts of burglary, in violation of R.C. 2911.12(A)(2)[1] and (D), third-degree felonies; (2) six counts of grand theft when the property is a firearm or dangerous ordnance, in violation of R.C. 2913.02(A)(1) and (B)(4), third-degree felonies; (3) one count of grand theft, in violation of R.C. 2913.02(A)(1) and (B)(2), a fourth-degree felony; and (4) one count of theft, in violation of R.C. 2913.02(A)(1) and (B)(2), a fifth-degree felony. At the plea hearing and in the subsequent judgment entry, the state agreed to dismiss Counts 3 and 12. According to the state, however, the remaining counts were mistakenly not dismissed.

---

[1] The plea sheet and plea hearing appear to have mistakenly referenced R.C. 2911.12(A)(2) from the indictment, rather than R.C. 2911.12(A)(3), which corresponds to the amended third-degree felony to which appellant pleaded guilty.

10.

{¶ 10} On October 6, 2021, a sentencing hearing was held, and the court sentenced appellant as follows:

> [I]t will be the judgment and sentence of the Court today that you be remanded back into the custody of the Erie County Sheriff and conveyed to the institution for a period of 60 months on Count 1: 60 months on Count 2; 30 months on Count 4; 30 months on Count 5; 30 months on Count 6; 30 months on Count 7; 30 months on Count 8; 30 months on Count 9; 16 months on Count 10; and 10 months on Count 11. Counts – Counts 1 and 2 would run consecutive, but concurrent to Counts 4, 5, 6, 7, 8, 9, 10, 11, and – 11; and Counts 4, 5, 6, 7, 8, 9, 10, 11 will run concurrent for a total sentence of ten years in the institution with credit for time served. * * *

{¶ 11} Thus, the trial court sentenced appellant to: (1) 60 months in prison on each of the burglary counts; (2) 30 months in prison on each of six counts of grand theft when the property is a firearm or dangerous ordnance; (3) 16 months in prison on the grand theft count; and (4) 10 months in prison on the theft count. The court ordered the sentences for the burglary counts to run consecutively to one another, but concurrent to the remaining counts, for a total sentence of 10 years.

{¶ 12} On October 12, 2021, the trial court entered a nunc pro tunc judgment entry, which amended the guilty plea to reflect that the two burglary counts to which appellant had pleaded guilty were violations of R.C. 2911.12(A)(3), rather than R.C. 2911.12(A)(2). The nunc pro tunc entry also dismissed Counts 4, 10, 13, 14, 15, 16, 17,

11.

and 18 of the indictment, as well as Counts 11 and 12 to which appellant had previously pleaded guilty. The judgment entry reflects that defense counsel consented to the entry, but it was not signed by appellant.

{¶ 13} On October 13, 2021, the trial court issued a judgment entry on appellant's sentencing. Pursuant to that entry, the trial court sentenced appellant to: (1) 60 months in prison on each of the two burglary counts in Counts 1 and 2; and (2) 30 months in prison on each of just five -- rather than the original six -- counts of grand theft when the property is a firearm or dangerous ordnance, specifically on Counts 5 through 9. The court ordered the sentences imposed for Counts 1 and 2 to run consecutively, the sentences imposed for Counts 5-9 to run concurrently, and the sentences imposed for Counts 1 and 2 to run concurrent with the sentences imposed for Counts 5-9. Thus, appellant was sentenced to an aggregate term of 10 years on prison. In addition, the trial court stated that "[t]he Assistant Prosecuting Attorney with leave of Court on good cause shown thereupon entered a NOLLE PROSEQUI as to Count Nos. 3, 4, 10, 11, 12, 13, 14, 15, 16, 17, and 18 and the firearm specification of the indictment filed herein * * *." It is from this final judgment entry that appellant now appeals.

**Assignments of Error**

{¶ 14} Appellant asserts the following assignments of error on appeal:

I.   APPELLANT'S GUILTY PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE WHEN IN OPEN COURT HE PLED TO CERTAIN COUNTS AND REVISED CODE

12.

SECTIONS, BUT THE PLEA WAS LATER NUNC PRO TUNCED IN WRITING WITHOUT A NEW IN-COURT PLEA HEARING.

II.   APPELLANT'S 60 MONTHS SENTENCE ON COUNTS ONE AND TWO IN VIOLATION OF R.C. 2911.12(A)(3) AND GOVERNED BY R.C. 2929.14(A)(3)(A) IS CONTRARY TO LAW AND NOT AUTHORIZED BY LAW.  CONSEQUENTLY, THE TRIAL COURT'S SENTENCE IS VOID.

III.   APPELLANT RECEIVED CONSTIUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL FAILED TO MAKE OBJECTIONS TO PLAIN ERROR.

IV.   THE TRIAL COURT HAD A PERSONAL PREJUCICE AND BIAS REGARDING THE CRIMINAL OFFENSES THAT APPELLANT PLED TO AND SENTENCED APPELLANT HARDER AS A RESULT AND VIOLATED APPELLANT'S DUE PROCESS AND EQUAL PROTECTION RIGHTS

**Analysis**

{¶ 15} In his first assignment of error, appellant argues that his guilty plea was not knowingly, intelligently, and voluntarily entered into because the nunc pro tunc judgment entry amended his plea to "different counts and different revised code sections," he was not aware of the amendments, and no additional plea hearing was held.

{¶ 16} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily[;] [f]ailure on any of those points renders

enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). In determining whether a plea was knowingly, intelligently, and voluntarily made, this court "examines the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards." *State v. Parks*, 6th Dist. Lucas No. L-18-1138, 2019-Ohio-2366, ¶ 10, citing *State v. Meade*, 4th Dist. Scioto No. 17CA3816, 2018-Ohio-3544, ¶ 6.

{¶ 17} Crim.R. 11(C) sets forth the procedure that a trial court must follow in accepting pleas of guilty and no contest in felony cases. Crim.R. 11(C)(2) provides:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally * * * and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

14.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 18} When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error. *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 13. An exception to the prejudice requirement of this rule in the context of a criminal plea occurs where a trial court completely fails to comply with a portion of Crim.R. 11(C). *Id.* at ¶ 15, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22, wherein court held that a trial court "had completely failed to comply with Crim.R. 11(C)(2)(a)'s requirement that it explain the maximum penalty when the court made no mention of postrelease control in the plea colloquy, despite the fact the defendant was subject to a mandatory five years of postrelease control").

{¶ 19} In the instant case, appellant's claim involves the trial court's determination pursuant to Crim.R. 11(C)(2)(a), that appellant made his guilty plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved. Our review of the record reveals significant confusion at the plea hearing both as to the counts

to which appellant was pleading and as to the counts that the state would be dismissing. The state alleges that this was due to an "incomplete plea sheet." In addition, the state alleges that both the plea sheet and the plea hearing mistakenly referenced R.C. 2911.12(A)(2), which was the code section under which appellant was charged in the indictment, rather than R.C. 2911.129(A)(3), which set forth the offense to which appellant ultimately pleaded guilty. Finally, the nunc pro tunc judgment that was issued "to correct the mistakes at the plea and sentencing hearings" sets forth a completely different sentence from the one described at the sentencing hearing, with different terms of imprisonment applied to different counts. There is nothing in the record to suggest that appellant agreed to, or was even aware of, these changes. Even the state concedes that "[d]ue to the significant confusion that resulted from the mistakes in the initial plea sheet, the State agrees that Appellant's plea should be vacated." Under the circumstances of this case, we find that the trial court completely failed to comply with Crim.R. (C)(2)(a) inasmuch as it could not reasonably have determined that appellant made the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved. Appellant's plea is clearly invalid. Accordingly, appellant's first assignment of error is found well-taken.

{¶ 20} Given our disposition of appellant's first assignment of error, appellant's remaining assignments of error are rendered moot.

16.

**{¶ 21}** The judgment of the Erie County common pleas court is reversed.  The matter is remanded for proceedings consistent with this decision.  Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                    _____
                                                                         JUDGE
Christine E. Mayle, J.

                                                             _____
Myron C. Duhart, P.J.                                   JUDGE
CONCUR.

                                                             _____
                                                                         JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.