[Cite as *State v. Cleveland*, 2024-Ohio-3039.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

        Appellee

v.

Byron Cleveland

        Appellant

Court of Appeals No.   L-23-1224
                       L-23-1225

Trial Court No.  CR0202301236
                  CR0202202553

**<u>DECISION AND JUDGMENT</u>**

Decided: August 9, 2024

\* \* \* \* \*

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lorrie J. Rendle, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

\* \* \* \* \*

**SULEK, P.J.**

**{¶ 1}** In this consolidated appeal, appellant Byron Cleveland appeals the September 20, 2023 judgments from the Lucas County Court of Common Pleas, convicting him following his guilty pleas to two counts of involuntary manslaughter, one count of felonious assault, one count of discharging a firearm on or near a prohibited premises, and one count of participating in a criminal gang. For the following reasons, the trial court's judgments are affirmed.

## I. Factual Background and Procedural History

{¶ 2} On September 13, 2022, Cleveland was indicted in case No. CR-22-2553 for one count of aggravated murder, an unspecified felony, one count of attempt to commit aggravated murder, a felony of the first degree, two counts of felonious assault, felonies of the second degree, one count of discharging a firearm on or near prohibited premises, a felony of the first degree, and one count of participating in a criminal gang, a felony of the second degree.

{¶ 3} Those charges arose from the events of February 12, 2022, when Cleveland and several others, while riding in a Dodge Charger, discharged firearms at a vehicle and struck two of the vehicle's occupants. The driver of the vehicle suffered several gunshot wounds while one of the passengers was killed. Several days after the murder, Cleveland fled to the state of Texas to evade the police that were investigating the incident.

{¶ 4} On February 16, 2023, Cleveland was indicted in case No. CR-23-1236 on two counts of murder, unspecified felonies, two counts of felonious assault, felonies of the second degree, one count of discharging a firearm on or near a prohibited premises, a felony of the first degree, and one count of participation in a criminal gang, a felony of the second degree. These charges arose from the events of May 15, 2022, when Cleveland and several others, while riding in a Buick Lucerne, discharged firearms at a Mazda SUV and struck one of the vehicle's occupants who later died. The police recovered the Buick and found a DNA profile consistent with Cleveland. Cellular data also placed Cleveland in the Buick before, during, and after the shooting.

2.

{¶ 5} On September 7, 2023, at a joint plea hearing, Cleveland pleaded guilty pursuant to *North Carolina v. Alford* to amended charges in both cases.  In case No. CR-22-2553, Cleveland agreed to plead guilty to one count of involuntary manslaughter, with an attached firearm specification.  And in case No. CR-23-1236 Cleveland pleaded guilty to one count of involuntary manslaughter with an attached firearm specification, one count of felonious assault, one count of discharging a firearm near prohibited premises, and one count of participating in a criminal gang.  In exchange, the State agreed to dismiss all the other charges.

{¶ 6} On September 14, 2023, the trial court sentenced Cleveland to an agreed-upon aggregate prison sentence of 39 years with an indefinite tail of five and one-half years.

## II. Assignment of Error

{¶ 7} Cleveland raises the following assignment of error on appeal:

1. Appellant's guilty pleas, pursuant to *North Carolina v. Alford*, were not offered knowingly, intelligently, and voluntarily.

## III. Law and Analysis

{¶ 8} Cleveland asserts that his *Alford* pleas were not entered knowingly, intelligently, and voluntarily because he did not understand the penalties resulting from the guilty pleas because he was "overwhelmed" by the court proceedings.  Cleveland does not specify what information he failed to understand, but rather only challenges that the trial court accepted his one-word responses during the proceedings.  He argues that

3.

the one-word responses demonstrate that he did not comprehend or appreciate the penalties of the guilty pleas.

{¶ 9} The State maintains that Cleveland understood the proceedings as demonstrated by his dialogue with the trial court where he verbally affirmed that he understood the information being provided. Further, the State contends that Cleveland failed to specify a violation of Crim.R. 11 because he does not show where he was confused during the proceedings.

{¶ 10} "A guilty plea must be made knowingly, intelligently, and voluntarily to be valid under both the United States and Ohio Constitutions." *State v. Whitman*, 2021-Ohio-4510, ¶ 14 (6th Dist.), citing *Boykin v. Alabama*, 395 U.S. 238 (1969); *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "To ensure that a defendant enters a plea knowingly, intelligently, and voluntarily, the trial court is required to engage a defendant in a plea colloquy pursuant to Crim.R. 11." *Id.*, quoting *State v. Petronzio*, 2021-Ohio-2041, ¶ 5 (8th Dist.). Crim.R. 11(C)(2) requires the trial court to determine that the plea is made voluntarily with an understanding of the nature of the charges and the maximum penalty involved, that the defendant understands the effect of the plea, and that the defendant understands the rights that are being waived.

{¶ 11} On review, this court must examine "the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards." *State v. Gumm*, 2022-Ohio-2287, ¶ 16 (6th Dist.), quoting *State v. Parks*, 2019-Ohio-2366, ¶ 10 (6th Dist.). The focus should be on

4.

"whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea." *State v. Dangler*, 2020-Ohio-2765, ¶ 12.

{¶ 12} Except where a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, "the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error." *Dangler* at ¶ 13-14. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.* at ¶ 16, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶ 13} Cleveland does not argue that the trial court failed to explain his constitutional rights, thus the issue before this court is whether his dialogue with the trial court demonstrated that he understood the consequences of the plea agreement.

{¶ 14} In *State v. Marcum*, 2008-Ohio-2292, ¶ 9 (10th Dist.), the Tenth District affirmed a plea as knowingly, intelligently, and voluntarily made where the court asked the defendant over two dozen questions to ensure that he understood the nature of the charges and the constitutional rights that he was waiving. In that case, the defendant argued that his simple responses "such as 'yes, your honor,' and 'no, your honor,' failed to demonstrate he understood the nature of the charges with any depth." *Id.* at ¶ 8. In rejecting this argument, however, the Tenth District reasoned, "[I]t is not unusual for defendants to respond to a trial judge's questions during the plea discourse with a simple

'yes' and 'no,' and we cannot assume that these defendants actually desired to say something else." *Id.*, citing *State v. Davis*, 2008-Ohio-107, ¶ 19 (10th Dist.).

{¶ 15} In this case, the trial court verified Cleveland's ability to understand the proceedings when it had Cleveland verify his age, education, and ability to read and write the English language. The trial court then asked Cleveland several questions regarding the nature of the charges and the rights he was waiving, which Cleveland answered and affirmed without confusion or further prompting. Like *Marcum*, nothing about Cleveland's one-word responses suggests that he did not understand the information that the trial court presented, and there is no basis to assume otherwise. Thus, the dialogue between Cleveland and the court demonstrates that he understood the nature of the charges and the maximum penalties involved, the effect of his plea, and the rights that he was waiving. Additionally, Cleveland's defense counsel also informed the trial court that he met with him the day before the plea hearing, went over the plea forms with him, and represented that Cleveland understood the plea agreement. Therefore, the trial court did not err when it determined that Cleveland had made a knowing, intelligent, and voluntary waiver of rights through his *Alford* pleas.

{¶ 16} Accordingly, Cleveland's assignment of error is not well-taken.

6.

## IV. Conclusion

{¶ 17} Based on the foregoing, the September 20, 2023 judgments of the Lucas County Court of Common Pleas are affirmed. Cleveland is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.             _____
                                          JUDGE

Gene A. Zmuda, J.

                                       _____

Charles E. Sulek, P.J.                                JUDGE
CONCUR.

                                       _____
                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.